Hillsborough, }
Jan. 5, 1915. }

HARRY P. GREELEY, *Adm'r, v.* FIRST UNIVERSALIST SOCIETY & *a.*

In a proceeding for the construction of a will, evidence of the habitual use of words by the testatrix is competent to show what she meant by them at a given time; but her declared intent as to the use of certain language upon a particular occasion is not admissible.

Testimony of members of a religious society as to their understanding of the words "church debt" is not sufficient to establish a common usage of that term by the congregation at large.

Where it is apparent that the main object of a legacy to be expended in paying a church debt was to benefit the legatee, and that the particular use was merely incidental, the society is entitled to the fund although its indebtedness was practically extinguished during the lifetime of the donor.

BILL IN EQUITY, by the administrator *de bonis non* of the estate of Annie J. Gilson, for advice as to the meaning of the following clause in her will: "To the First Universalist Church Society of Nashua, N. H., $1,000 to be used toward paying the church debt." The residue of the estate was given in equal shares to the Nashua Protestant Orphanage and the Nashua Women's Humane Society. Facts found, and case transferred without a ruling from the September term, 1913, of the superior court, by *Kivel*, J.

When the will was executed the church society owed over $12,000, but this debt was paid during the lifetime of the testatrix, and at her decease the society owed only $691 current bills. Counsel for a residuary legatee offered evidence that after the execution of the will the testatrix knew the debt had been paid and desired to make a change in her will. The evidence was received *de bene*. He also offered the testimony of certain members of the society as to their understanding of the words "church debt." This evidence was excluded, subject to exception.

*Harry P. Greeley*, administrator, *pro se.*

*John R. Spring*, for the First Universalist Society.

*George W. Clyde*, for the Nashua Protestant Orphanage.

*Albert Terrien*, for the Nashua Women's Humane Society.

PEASLEE, J. The evidence that the testatrix declared that because the church debt had been paid she wished to make a change in her will is not admissible as the law is now administered. Evidence of her habitual use of words would be received as indicating what she meant by their use on a particular occasion. 4 Wig. Ev., s. 2467. But her declared intent as to the use upon a particular occasion is not received. *Ib.,* s. 2471. It is not necessary to now consider whether this limitation ought to be modified. If the evidence here offered were considered, it would not aid the case of the residuary legatees. The declaration might equally well mean either of two things. It might indicate that she still wished to benefit the church, and that she understood that the language of the will was insufficient to accomplish this, since the debt had been paid. Taken in this sense, the evidence would assist the residuary legatees. But it can be urged with equal force that she did not wish to aid the church, since the debt had been paid, and that she understood that the bequest would go to the church unless she changed her will. Taken in this sense, it is a declaration that she understood that her language as used in the will expressed an intent to give the legacy unconditionally.

The testimony of the members of the church society as to their understanding of the meaning of the term "church debt" was properly excluded. It fell short of tending to establish a common use of the term by a body of persons to which the testatrix belonged. 4 Wig. Ev., s. 2461. It was "their understanding" which was offered, not their knowledge of the understanding of the society at large.

The testatrix intended to benefit the church society. This appears to have been her main object, and the particular way pointed out was merely incidental to it. So far as there were debts, she wished that the legacy be used to pay them. Had she desired to limit her benefaction to such purpose, and to give the legacy to others if there were no church debts, it is probable that she would have used language plainly expressing such purpose. The executor is advised that the legacy of $1,000 is payable to the First Universalist Society.

*Case discharged.*

All concurred.